JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 5:22-cv-01428-MCS-SHK | Date October 6, 2022 |
| Title *City of San Bernardino v. Summerfield* | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: MOTION TO REMAND (ECF NO. 33), MOTION TO DISMISS (ECF NO. 26), AND EX PARTE APPLICATION (ECF NO. 38) (JS-6)

Plaintiff and Counterclaim Defendant City of San Bernardino moves to remand this case to the San Bernardino County Superior Court. (Mot., ECF No. 33.) Defendant and Counterclaimant Janet Summerfield filed an untimely opposition brief. (Opp'n, ECF No. 37.) The Court deems the motion appropriate for decision without oral argument and vacates the hearing set for October 17, 2022. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

Summerfield filed her opposition brief three days late. C.D. Cal. R. 7-9. The Court strikes the opposition brief and deems Summerfield's failure to timely respond to the motion as her concession that the Court lacks subject-matter jurisdiction and her consent to the granting of the motion in full. C.D. Cal. R. 7-12; *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.").

The Court also grants the motion on its merits. "Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and

statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove an action to federal court if the federal court could exercise original jurisdiction over the action. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction," and "[t]he defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing subject-matter jurisdiction, the suit is remanded. 28 U.S.C. § 1447(c).

Here, Summerfield invoked the Court's federal question jurisdiction, claiming the City's action "arises under the Fourth and Fifth Amendments to the Constitution of the United States of America, and involves practices of the federal Department of Housing and Community Development, and regulations of the federal Environmental Protection Agency." (Notice of Removal ¶ 7, ECF No. 1.) Clearly, it does not. The City initiated a civil nuisance abatement action against Summerfield in San Bernardino County Superior Court. (Compl., ECF No. 1-4.) There is no federal claim on the face of the Complaint, so there is no federal jurisdiction here. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Summerfield's federal claims against the City do not provide a basis for federal question jurisdiction, either. *See Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019) ("[28 U.S.C. § 1441(a)] does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action."). Remand is appropriate. 28 U.S.C. § 1447(c).

The City asks for an award of costs and fees under 28 U.S.C. § 1447(c). (Mot. 10–11.) An award of costs and fees is discretionary, *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005), but if an objectively reasonable basis for removing the case exists, a court should deny an award of fees, *Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007) (citing *Martin*, 546 U.S. at 141). Here, there was no objectively reasonable basis for removal, which was based on Summerfield's invocation of federal laws that obviously do not pertain to the claims in the City's Complaint. The Court will award reasonable costs and fees under § 1447(c). The City shall file a motion for fees and costs within 21 days. Alternatively, the parties may stipulate to an award of fees and costs, which would advance the "just, speedy, and inexpensive determination" of this matter by obviating the need for further motion practice. Fed. R. Civ. P. 1.

The Court grants the motion and remands this case to the San Bernardino County Superior Court, No. CIV SB 2108512. The Court denies as moot the City's

request for judicial notice of documents supporting its motion to remand, the City's motion to dismiss, and the parties' joint ex parte application to vacate the order setting the scheduling conference. The Court directs the Clerk to effect the remand immediately and close the case.

**IT IS SO ORDERED.**